Dear Mayor Durr:
This office is in receipt of your recent opinion request regarding the propriety of the Village of Pleasant Hill's reimbursement of its Chief of Police for attorney's fees incurred in his defense of a civil lawsuit involving federal charges of sexual harassment. Specifically you ask the following questions:
1. Was the alleged offense against the Chief of Police considered committed during the performance of, as well as within the course and scope of, the official functions and duties of his position as Chief of Police?
2. Would payment of legal fees be in order since the Chief chose to retain "private counsel"?
3. Would the suit be considered settled and final, and payment be in order since plaintiff's attorney has filed a motion to overturn the jury's verdict?
4. Was there an ethics violation committed or at the least, a conflict of interest involved in voting on the resolution to pay the Chief's legal fees by one of the Aldermen because he is the chief's nephew? Should said Alderman have recused himself from the issue or abstained voting?
5. Did the Aldermen err in authorizing payment of $15,000 in legal expenses for the Chief's separate civil suit and has a misuse of public funds been committed?
With regard to your first question, we must respectfully advise that we are not in a position to provide you with an answer. The question of whether particular acts committed by a municipal officer or employee were committed during the performance of, as well as within the course and scope of, the official functions and duties of his position is fact-sensitive and can only be answered by finders of fact, such as courts of law. Although this office is happy to address questions of law, we are not finders of fact.
In answer to your third question, it is the opinion of this office that litigation is not successfully concluded until the time for the filing of all motions and appeals has passed.
Your fourth question would be more appropriately addressed by the Ethics Administration, and we suggest that you contact them directly. By copy hereof, we are, however, making the Ethics Administration aware of this advice.
In response to your fifth question, it is the opinion of this office that as long as the Chief of Police was exonerated of all charges in this matter, the Board of Aldermen could reimburse him for the reasonable legal expenses he incurred in defending the suit, as long as the allegations against him arose during the performance of, and out of the course and scope of his employment, and as long as the litigation was successfully concluded in the Chief's favor at the time payment was made. In order to determine that the legal expenses incurred by the Chief were reasonable, the Board of Aldermen would have to determine that: (1) the hourly rate charged by counsel was reasonable (and although the Attorney General's Maximum Hourly Fee Schedule, enclosed herewith, is not controlling it may assist the Aldermen in making that determination), (2) that the number of hours spent by counsel was reasonable and necessary, and (3) that any costs incurred by counsel were reasonable and necessary. Atty. Gen. Ops. Nos. 96-95, 95-492, 95-242.
We hope that this addresses your concerns. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv Attachment cc: Ethics Administration
DATE RECEIVED: October 29, 1997 DATE RELEASED:
JEANNE-MARIE ZERINGUE BARHAM, ASSISTANT ATTORNEY GENERAL
State of Louisiana DEPARTMENT OF JUSTICE Baton Rouge RICHARD P. IEYOUB 70804-9005 ATTORNEY GENERAL
January 30, 1992
TO: ALL INTERESTED PERSONS
FROM: RICHARD P. IEYOUB
RE: MAXIMUM HOURLY FEE SCHEDULE
This is to advise all interested persons that the approved Maximum Hourly Fee Schedule of this office for professional legal services shall be as follows:
$150.00 PER HOUR FOR ATTORNEYS HAVING EXPERIENCE OF TEN YEARS OR MORE IN THE PRACTICE OF LAW
$135.00 PER HOUR FOR ATTORNEYS HAVING EXPERIENCE OF FIVE YEARS OR MORE IN THE PRACTICE OF LAW
$120.00 PER HOUR FOR ATTORNEYS HAVING EXPERIENCE OF THREE TO FIVE YEARS IN THE PRACTICE OF LAW
$100.00 PER HOUR FOR ATTORNEYS HAVING EXPERIENCE OF LESS THAN THREE YEARS IN THE PRACTICE OF LAW
$ 45.00 PER HOUR FOR PARALEGAL SERVICES
$ 25.00 PER HOUR FOR LAW CLERK SERVICES.
RPI/JEY/MSH/jv 2578m